**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

In re:

APPLICATION OF RUI HAO FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782,

*Petitioner.*

Case No: 9:26-mc-1375-RMG

**MOTION OF RUI HAO**
**FOR AN ORDER TO TAKE DISCOVERY FOR USE**
**IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

FACTUAL BACKGROUND ........................................................................................ 2

LEGAL STANDARD .................................................................................................. 4

ARGUMENT ............................................................................................................. 5

I. Petitioner's Motion Satisfies the Statutory Requirements of 28 U.S.C. § 1782 ................ 5

a. Petitioner is an "Interested Person" in the Foreign Proceedings .................................. 5

b. The Discovery Sought is "For Use" in the Foreign Proceedings.................................. 5

c. Wang "Resides In" or is "Found" in this District ........................................................ 7

II. The Factors Weigh in Favor of Granting Petitioner's Motion ........................................... 7

a. Wang is not a "Participant" in the Foreign Actions ...................................................... 8

b. The Foreign Jurisdictions are Receptive to Section 1782 Discovery ............................ 8

c. The Discovery Sought Is Not An Attempt To Circumvent Foreign Restrictions........... 9

d. The Discovery Sought Is Relevant And Not Unduly Burdensome.............................. 10

III. The Petitioner's Motion May Be Properly Granted *Ex Parte*..........................................11

CONCLUSION............................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

Cases

*Certain Funds, Accounts and/or Investment Vehicles v. KPMG, L.L.P.*,
798 F.3d 113 (2d Cir. 2015) ... 5, 7
*Euromepa S.A. v. R. Esmerian, Inc.*,
51 F.3d 1095 (2d Cir. 1995) ... 8, 9, 10
*Federal Republic of Nigeria v. VR Advisory Services, Ltd.*,
27 F.4th 136 (2d Cir. 2022) ... 10
*Gucci Am., Inc. v. Weixing Li*, ,
767 F.3d 122 (2d Cir. 2014) ... 7
*Gushlak v. Gushlak*,
486 Fed.Appx. 215 (2d Cir. 2012) ... 11
*In re Accent Delight Int'l Ltd.*,
869 F.3d 121 (2d Cir. 2017) ... 6
*In re B&C KB Holding GmbH*,
No. 22-mc-180, 2023 WL 1777326 (S.D.N.Y. 2023) ... 10
*In re Bayer AG*,
146 F.3d 188 (3d Cir. 1988) ... 4
*In re Chodiev*,
No. 21-mc-423, 2021 WL 3270042 (S.D.N.Y. 2021) ... 11
*In re Del Valle Ruiz*,
342 F. Supp. 3d 448 (S.D.N.Y. 2018) ... 4, 7
*In re Hulley Enterprises, Ltd.*,
358 F.Supp.3d 331 (S.D.N.Y. 2019) ... 8
*In re Klein*,
No. 20-mc-203, 2022 WL 1567584 (S.D.N.Y. 2022) ... 7
*In re Metallgesellschaft AG*,
121 F.3d 77 (2d Cir. 1997) ... 9
*In re Pub. Joint Stock Co. Nat'l Bank Tr. Section 1782 Action*,
No. 23 MISC. 134 (PGG), 2026 WL 1064850 (S.D.N.Y. Apr. 17, 2026) ... 9
*In re Tiberius Group AG*,
No. 19-mc-467, 2020 WL 1140784 (S.D.N.Y. 2020) ... 9
*In re Zouzar Bouka; Vision Indian Ocean S.A.*,
637 F.Supp.3d 74 (S.D.N.Y. 2022) ... 8
*Intel v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) ... Passim
*Investbank*,
2020 WL 8512850 ... 11
*Mees v. Buiter*,
793 F.3d 291 (2d Cir. 2015) ... 5, 6, 9, 10

Statutes

18 U.S.C. 1343, and (2) ... 2

18 U.S.C. §1956(a)(1)(B)(i) ........ 2
28 U.S.C. § 1782 ........ Passim

Rules

Federal Rule of Civil Procedure 45(c)(3) ........ 11
Rule 26 of the Federal Rules of Civil Procedure ........ 10

Petitioner Rui Hao (the "Petitioner"), a citizen of China, and a respondent in claims being litigated in a foreign proceeding venue in the British Virgin Islands ("BVI"), brings this motion for discovery in aid of foreign proceedings pursuant to 28 U.S.C. § 1782, specifically, to obtain an order of this Court directing that an individual currently incarcerated, Yvette Wang, a/k/a Yanping Wang ("Wang"), be made available for cross-examination (virtual) at trial on November 18, 2026. As described below, this relief was previously granted by the United States District Court for the Northern District of Alabama, however Wang was transferred by the Federal Bureau of Prisons on the day prior to her scheduled testimony and was not made available as directed.

**INTRODUCTION**

This motion, made pursuant to 28 U.S.C. § 1782, seeks to obtain discovery critical to the defense of Petitioner's claims in the BVI proceeding. As set forth below, this motion meets all of the requirements of § 1782, which authorizes discovery (i) from persons who "reside[]" or are "found … in" this district (ii) "for use" in a proceeding before a foreign tribunal (iii) by any "interested person" in that proceeding. 28 U.S.C. § 1782(a). In addition, the four discretionary factors articulated by the Supreme Court in *Intel v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), also weigh in favor of the Petitioner's motion. First, the prisoners from whom discovery is sought will not be parties to the foreign proceedings. Second, the forums where the foreign proceedings will be brought are receptive to discovery gathered pursuant to § 1782. Third, the discovery sought does not seek to circumvent proof-gathering restrictions in foreign jurisdictions. Finally, Petitioner's request for an order of the court directing reasonable cooperation, including via simple live video teleconference, with counsel present to facilitate same (where presence of counsel is already permitted prisoners in custody within U.S. prisons) does not impose an undue burden (the U.S. prison system routinely produces prisoners for live in person testimony outside their respective correctional facility in domestic legal proceedings and trials).

## FACTUAL BACKGROUND

Ho Wan Kwok a/k/a Miles Guo ("Guo") and Wang were both charged in a criminal case styled *United States of America v. Miles Guo, Kin Ming Je, and Yvette Wang* brought in the United States District Court for the Southern District of New York, Case No. 1:23-cr-00118-AT. On May 3, 2024, Wang pled guilty to both of two (2) felony counts in a superseding information, to wit, (1) wire fraud in violation of 18 U.S.C. 1343, and (2) of money laundering in violation of 18 U.S.C. §1956(a)(1)(B)(i) respectively. On January 6, 2026, Wang was sentenced by Judge Analisa Torres to 120 months' imprisonment and three years of supervised release. Wang was convicted as a co-conspirator of co-defendant Guo, who was convicted by a jury after trial on July 16, 2024, of nine out of twelve charted counts involving racketeering conspiracy, securities fraud, wire fraud, and money laundering.

After Guo's bankruptcy filing,[1] the Chapter 11 Trustee of his estate, Luc A. Despins (the "Trustee"), initiated proceedings (locally characterized as "applications") in a certain commercial court, sitting in the BVI, under case identification number 2025/149. The Trustee's "applications" assert, *inter alia*, that the Trustee is the beneficial owner of a certain company, Ace Decade Holdings Limited ("Ace Decade"), and also Dawn State Limited ("Dawn State"), on the basis that the interests in those entities falls within Guo's bankruptcy estate, on the theory that Guo acquired his purported interest in Ace Decade at incorporation, and of Dawn State as of September 18, 2015, respectively. However, the Trustee also asserts that these interests were acquired under circumstances related to the fraud perpetrated by Guo and Wang, and thus that the acquisitions are potentially voidable, avoidable, or subject to reversal or being otherwise unwound as fraudulent transfers.

[1] Guo's bankruptcy case is currently pending before the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division, styled *In re: Ho Wan Kwok et al.* (Case No. 22-50073-JAM) (the "Bankruptcy Case")

Petitioner, hereto, has appeared in the BVI proceedings, and disputes the Trustee's theory and allegations. Petitioner is, at present, proceeding to oppose the Trustee at a contested trial on the above issues, which trial will occur on November 18, 2026. Petitioner is opposed to the Trustee because Petitioner currently holds, and contends Petitioner rightly obtained the disputed interests set forth above, which the Trustee is seeking to void, avoid, or otherwise reverse and unwind. Petitioner contends, *inter alia*, that because the foregoing entities are governed by BVI law, which is properly applicable (and indeed will be applied in the BVI proceedings) and does not recognize the Trustee's legal theories, the Trustee's contentions lack any merit.

However, Petitioner's evidentiary showing relies, in part, upon information and knowledge held only by Guo and Wang both, and available via no other avenue than obtaining testimony – ideally, in the form of trial participation (virtually) and being subject to cross examination – from Guo and Wang. Specifically, Guo and Wang are able to testify to the circumstances under which they conveyed the disputed interests, and the involvement or lack thereof of Petitioner, and their testimony is necessary to ensure that Petitioner is able to present the complete, and factually-supported and corroborated basis for Petitioner's defense to the Trustee's claims. Petitioner is entitled to, under both BVI law, and would still be if litigating under US law, put on a legal defense, and have access to compulsory process in order to obtain helpful witness evidence and testimony; the instant statutory vehicle underpinning this motion exists to permit even Petitioners engaged in foreign proceedings to obtain exactly that.

Upon the same basis as stated in this motion, Petitioner previously filed an identical motion with the United States District Court for the Northern District of Alabama ("USDC Alabama"), a copy of which is annexed hereto as **Exhibit 1**, when Wang was incarcerated at Federal Correctional Institution, Aliceville. After USDC Alabama's reconsideration of its initial order denying the prior

motion, Petitioner obtained an order authorizing Wang's testimony, a copy of which is annexed to the Motion as **Exhibit 2**. Unfortunately, by the time the USDC Alabama granted the prior motion, the time allotted for Wang's testimony at the trial had passed. For that reason, Wang's testimony (along with other testimony in the case) was rescheduled to November 18, 2026. Wang is now incarcerated at Federal Correctional Institution, Estill ("FCI Estill"), and due to Wang's incarceration in this jurisdiction, it has become necessary for Petitioner to seek this Court's approval in obtaining Wang's testimony.

Moreover, Petitioner has made a substantially identical application, on an emergency basis by order to show cause, in the United States District Court for the District of Connecticut ("CT") to obtain the testimony of Guo for this same purpose.

## LEGAL STANDARD

Section 1782(a) provides that a federal district court may order a person "to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including in criminal investigations conducted before formal accusation." Section 1782 was designed "to liberalize the assistance given to foreign and international tribunals." *In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 453 (S.D.N.Y. 2018), *aff'd sub nom. In re Del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019). Where the information sought is relevant, it is "presumptively discoverable under § 1782." *In re Bayer AG*, 146 F.3d 188, 196 (3d Cir. 1988).

The statute outlines three requirements for granting such an motion: (1) the person from whom discovery is sought must "reside[] or [be] found" in the district of the district court to which the motion is made, (2) the discovery must be "for use" in a foreign proceeding before a foreign or international tribunal, and (3) the motion must be made by a foreign or international tribunal or any "interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations omitted). Though the "for use" and "interested person" requirements are independent, in practice,

there is "considerable overlap" between them. *Certain Funds, Accounts and/or Investment Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 118 (2d Cir. 2015).

If these three requirements have been satisfied, the motion is subject to the district court's discretion under the factors articulated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding" and as such the foreign tribunal could itself order the requested discovery; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign ... court ... to U.S. federal-court judicial assistance"; (3) if this request appears to be "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requests are "unduly intrusive or burdensome." 542 U.S. at 264-65.

## ARGUMENT

### I. Petitioner's Motion Satisfies the Statutory Requirements of 28 U.S.C. § 1782

This instant motion easily meets the *prima facie* requirements of Section 1782. Petitioner is an "interested persons" in the anticipated foreign proceedings, the discovery sought is "for use" in such proceedings, and Wang "resides in" or is "found" in this judicial district.

#### a. Petitioner is an "Interested Person" in the Foreign Proceedings

Petitioner is an "interested person" in the foreign proceedings. As stated above, the Petitioner is a party actively defending against claims brought by the Trustee, pursuant to the Bankruptcy Case, seeking to deprive Petitioner of valuable assets and interests in same, based upon the Trustee's putative legal and factual theories, which Petitioner is actively opposing and contesting.

#### b. The Discovery Sought is "For Use" in the Foreign Proceedings

The discovery Petitioner seeks is also "for use" in a foreign proceeding. A section 1782 applicant satisfies the "'for use' requirement by showing that the materials [he or] she seeks are to be used at some stage of a foreign proceeding that was within reasonable contemplation at the time of the proceedings below." *Mees*, 783 F.3d at 301. *See also Intel*, 542 U.S. at 259 ("It is not necessary for the adjudicative proceeding to be pending at the time the evidence is sought, but only that the evidence is *eventually to be used in such a proceeding*." (emphasis in original)). In addition, "[s]ection 1782 explicitly permits district courts to grant discovery in aid of 'criminal investigations conducted before formal accusation.'" *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017) (quoting 28 U.S.C. § 1782(a)).

The witness availability and participation, for the purpose of obtaining testimony, which the Petitioner hopes to obtain will support Petitioner's viable legal defenses to the Trustee's putative claims based upon operative BVI law controlling and governing the BVI proceeding. Petitioner anticipates the testimony of Guo and Wang will, in sum and substance, indicate that Petitioner was unrelated to the fraudulent activities for which Guo and Wang have been convicted, had no direct involvement with or knowledge of any events pertaining to the interests ultimately obtained by Petitioner in Ace Decade prior to the point Petitioner contends he obtained them, paid reasonable and fair market value at the time of the purchase, and otherwise was defensible under BVI law. Guo and Wang's testimony will tend to evidence the foregoing because they will, Petitioner anticipates, testify to the extent of confirming Petitioner never had any knowledge or connection to the fraudulent activities. The factual nature, as understood by Petitioner, of the events at issue is such that Wang in particular is the singular "link" (due to her role in carrying out the larger fraud directed overall by Guo) and in the absence of her testimony, Petitioner would be prohibited from potentially *disproving* any alternative theory which may be advanced by the

Trustee, which would be especially prejudicial to Petitioner in the event the Trustee's theory is based in whole, or even merely in part upon circumstantial, and not direct evidence (and which, if the Trustee does not have testimony from Wang or Guo either, the Trustee may indeed be strategically planning to proceed upon, specifically because Petitioner will have no ability to directly dispute circumstantial evidence).

This renders the foregoing testimony, and opportunity to obtain it, absolutely critical for Petitioner to receive. As such, the testimony and witness availability sought plainly satisfies section 1782's threshold requirement that they "be employed with some advantage" or "serve some use" in the foreign proceeding. *Certain Funds*, 798 F.3d at 120.

**c. Wang "Resides In" or is "Found" in this District**

Wang is the appropriate target for a section 1782 motion because she "resides in" or is "found" in this judicial district. Wang is incarcerated at FCI Estill. Many courts interpret this in a manner akin to specific personal jurisdiction, and in addition to physical location look to whether the entities "purposefully directed" their activities at the forum. *Del Valle Ruiz*, 939 F.3d at 529 (internal quotations and citations omitted). The anticipated litigation must also "arise out of or relate to" a respondent's contacts with the forum. *Id.* (quoting *Gucci Am., Inc. v. Weixing Li*, 767 F.3d 122, 134 (2d Cir. 2014) (internal quotation marks omitted)). *See also In re Klein*, No. 20-mc-203, 2022 WL 1567584, at *6 (S.D.N.Y. 2022) (forum contacts must be a "but-for or proximate cause of the materials [petitioners] seek").

**II. <u>The Factors Weigh in Favor of Granting Petitioner's Motion</u>**

The four discretionary factors articulated by the Supreme Court in *Intel* also weigh strongly in favor of granting Petitioner's motion. The *Intel* factors are not to be applied mechanically, but should reflect the "twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign

countries by example to provide similar means of assistance to our courts." *In re Zouzar Bouka; Vision Indian Ocean S.A.*, 637 F.Supp.3d 74, 82 (S.D.N.Y. 2022) (internal quotations and citation omitted). Petitioner's motion satisfies the underlying purpose of the statute by providing the least cumbersome—if not the only viable—option for recovering their assets, and motivating foreign tribunals to provide similar aid to litigants.

**a. Wang is not a "Participant" in the Foreign Actions**

"The first *Intel* factor asks whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' such that 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.'" *In re Hulley Enterprises, Ltd.*, 358 F.Supp.3d 331, 345 (S.D.N.Y. 2019) (quoting *Intel*, 542 U.S. at 264). Wang is not a party to the foreign proceedings. Additionally, because Wang is incarcerated in South Carolina in the custody of the U.S. federal prison system, the transactions at issue took place in this district, her person (and thus her ability to testify) and testimony sought are not "within the foreign tribunal's jurisdictional reach," and are not accessible without the protections of Section 1782. *Id*. Therefore, this factor weights in favor of the Petitioner.

**b. The Foreign Jurisdictions are Receptive to Section 1782 Discovery**

The second *Intel* factor examines "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264-65. "Absent specific directions to the contrary from a foreign forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995). Discovery should be permitted unless it would violate "the clearly established procedures of a foreign tribunal" in light of "authoritative proof." *In re Arida, LLC*, No. 19-mc-522, 202 WL 7496355, at *8 (S.D.N.Y. 2021) (quoting

*Euromepa*, 51 F.3d at 1099-1100). *See also In re Tiberius Group AG*, No. 19-mc-467, 2020 WL 1140784, at *4 (S.D.N.Y. 2020) ("Only where the materials being sought are privileged or otherwise prohibited from being discovered or used is the third *Intel* factor implicated").

Here, the BVI Court has indicated it will permit the discovery, as Petitioner has already obtained, and here annexes a Letter of Request. *See* **Ex. 3** (Letter of Request). U.S. Courts have elsewhere previously granted §1782 applications in connection with proceedings in the BVI as not inconsistent with §1782 or disallowed as to the materials sought by a similar motion. *See generally*, *In re Pub. Joint Stock Co. Nat'l Bank Tr. Section 1782 Action*, No. 23 MISC. 134 (PGG), 2026 WL 1064850, at *1 (S.D.N.Y. Apr. 17, 2026) (acknowledging earlier grant of Petitioner's application for §1782 order). Moreover, as previously noted and as exemplified by the prior motion and order, an identical request was previously granted by the USDC Alabama, and this motion only became necessary upon Wang's transfer to FCI Estill, which is located in this district. *See* **Exhibits 1 and 2.**

**c. The Discovery Sought Is Not An Attempt To Circumvent Foreign Restrictions**

The third *Intel* factor examines "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. This factor "does not authorize denial of discovery pursuant to § 1782 solely because such discovery is unavailable in the foreign court, but simply ... allow[s] consideration of foreign discoverability (along with many other factors) when it might otherwise be relevant to the § 1782 application." *Mees*, 793 F.3d at 303 (quoting *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997) (internal quotations omitted)). In other words, "courts should not give undue weight to the mere absence in foreign jurisdictions of proof-gathering *mechanisms* available in the United States." *Federal Republic of Nigeria v. VR Advisory Services, Ltd.*, 27 F.4th 136, 153 (2d Cir. 2022) (emphasis in original). In addition to the inability to obtain the necessary

documents in the foreign forum, courts look to whether a petitioner is engaged in a "bad faith endeavor to misuse Section 1782." *In re B&C KB Holding GmbH*, No. 22-mc-180, 2023 WL 1777326, at *7 (S.D.N.Y. 2023).

The Petitioner seeks discovery in good faith. Petitioner seeks simple witness testimony, by any means possible to accommodate, of witnesses with firsthand knowledge of the facts and issues at issue in the BVI proceedings, and there is no dispute that the witnesses have the specific knowledge to testify to the issues sought. Nor is there any dispute that witness testimony, in general, is appropriate and proper in the BVI proceeding, but if there was, the Letter of Request (*see* Ex. 3) dispenses with whether the BVI court considers the predicate request appropriate. And, similarly, it is not possible to dispute that the physical person of Wang is, by virtue of her custodial incarceration in U.S. federal prison, absolutely not otherwise susceptible to any other or lesser "proof-gathering mechanisms" present in the foreign jurisdiction. Accordingly, the third *Intel* factor weighs in favor of granting Petitioner's motion.

**d. The Discovery Sought Is Relevant And Not Unduly Burdensome**

The final *Intel* factor requires a district court to "assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. In addition, "if a court has 'misgivings .. about the impact of its participation in the foreign litigation,' it is preferable for the court to issue "a closely tailored discovery order rather than … simply denying relief outright.'" *B&C KB Holding*, 2023 WL 1777326, at *7 (quoting *Euromepa*, 51 F.3d at 1101).

In this case, it is clear that the testimony requested is vital to Petitioner's defense and, as discussed above, both Guo and Wang have consented to such testimony. Petitioner only requires a court order to ensure that Wang is produced for such testimony by the Federal Bureau of Prisons.

Accordingly, the fourth *Intel* factor weighs in favor of granting Petitioner's motion.

### III. <u>The Petitioner's Motion May Be Properly Granted *Ex Parte*</u>

"[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte.*" *Gushlak v. Gushlak*, 486 Fed.Appx. 215, 217 (2d Cir. 2012). *See also In re Chodiev*, No. 21-mc-423, 2021 WL 3270042, at *1 (S.D.N.Y. 2021) ("Courts routinely grant similar petitions ex parte."); *Investbank*, 2020 WL 8512850, at *1 (same). An *ex parte* order does not infringe upon a respondent's due process rights, as he or she can later challenge any discovery request by moving to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3). *Gushlak*, 486 Fed.Appx. at 217. This Court should therefore grant *ex parte* relief here.

## CONCLUSION

Based on the foregoing, the Petitioner respectfully requests that the Court grant this *ex parte* motion in its entirety, and for any and all other relief that the Court may find just and equitable.

Dated: Columbia, South Carolina
November 13, 2026

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Counsel to the Petitioner

By: *<u>/s/Shanice M. Hagood</u>*________

Shanice M. Hagood
1501 Main Street, Suite 501
Columbia, South Carolina 29201
Shanice.hagood@qpwblaw.com