**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

In re:

APPLICATION OF RUI HAO FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782,

Petitioner.

Case No. 9:26-mc-01375-RMG

**ORDER AND OPINION**

This matter is before the Court on Petitioner's *ex parte* Motion for an Order to Take Discovery for use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782, which was filed on November 18, 2026. (Dkt. No. 1). In the Motion, Petitioner seeks a Court order directing that Yvette Wang, a/k/a Yanping Wang ("Wang"), who is currently incarcerated at FCI Estill in South Carolina, be made available for virtual cross-examination in legal proceedings occurring in the British Virgin Islands ("BVI proceedings"). (*Id.*). Specifically, Petitioner requests that Wang be made available for a trial taking place in the BVI proceedings on November 18, 2026, the same day the motion was filed. (*Id.*).

A review of the exhibits attached to Petitioner's Motion reveals that the trial in the BVI proceedings was scheduled to take place over three days from November 16–18, 2026. (Dkt. No. 1-3 at 3). But Petitioner did not file the instant Motion until the last day of trial, November 18, 2026. (Dkt. No. 1). The date of the trial has now passed, and as such the Court is unable to grant the Petitioner's requested relief. Accordingly, since this Court cannot grant the requested relief, Petitioner's Motion has been rendered moot. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307

(2012))); *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."); *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (noting a "change in factual circumstances can moot a case on appeal, such as . . . when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff" (internal citations omitted)). Furthermore, there is no basis to find that either exception to the mootness doctrine applies in the instant case. *See Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986).

Accordingly, for the foregoing reasons, the Court **DENIES AS MOOT** and **WITHOUT PREJUDICE** Petitioner's Motion for an Order to Take Discovery for use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (Dkt. No. 1). The Clerk is directed to close this case.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 20, 2026
Charleston, South Carolina